UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSHUA ROSE     Plaintiff

v.     Civil Action No. 3:25-cv-648-RGJ

CALDWELL TANKS/CALDWELL 2.0     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Plaintiff Joshua Rose's ("Rose") motion to remand [DE 5] and notice of partial voluntary dismissal [DE 11]. Defendant Caldwell Tanks ("Caldwell") has responded [DE 10] and filed a motion to disregard Rose's notice of partial voluntary dismissal [DE 14]. Rose has responded to Caldwell's motion to disregard the notice of voluntary dismissal. Briefing is complete and the matter is ripe. For the reasons set forth below, the Court **GRANTS** Rose's motion to remand.

                 I.      BACKGROUND

Rose filed a complaint in Jefferson Circuit Court against Caldwell, his former employer, alleging that he was subject to discrimination and wrongful termination. [DE 1-1]. Specifically, Rose alleged that Caldwell placed him on a performance improvement plan because he was not sufficiently devout and that other employees urged him to participate in religious practices. [*Id.* at 10]. Rose also asserted that, in one instance, a coworker, screamed at Rose "calling him a 'f\*\*\*en idiot' with the intent and effect of putting . . . Rose in imminent fear of bodily harm." [*Id.*]. Rose reported the incident, and less than one month later, he was terminated. [*Id.*]. Pursuant to these allegations, Rose asserted the following causes of action: (I) racial discrimination in violation of Title VII of the Civil Rights Act and the Kentucky Civil Rights Act; (II) religious discrimination

1

in violation of Title VII of the Civil Rights Act and the Kentucky Civil Rights Act; (III) retaliation in connection with his potential worker's compensation claim in violation of KRS 342.197 and the Kentucky Civil Rights Act; and (IV) retaliation for asserting his rights to be free from racial discrimination, in violation of KRS 344.280. [*Id.* at 10–12].

On October 6, Caldwell removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, noting that the federal claims in Rose's complaint grant this Court original jurisdiction under 28 U.S.C § 1331 and supplemental jurisdiction over the state law claims under 18 U.S.C. § 1367. [DE 1 at 2]. On October 7, Rose filed an amended complaint in *state* court that purported to eliminate the federal racial and religious discrimination claims made in the original complaint. [DE 5 at 25; DE 5-1]. Two days later, Rose filed a motion to remand the case to state court, arguing (1) that the amended complaint eliminated the federal causes of action and therefore this Court no longer has jurisdiction, and (2) that civil actions arising under workers' compensation laws are non-removable. [DE 5].

On October 13, Caldwell filed a motion to dismiss for failure to state a claim, which Rose responded to. On November 6, Caldwell responded to Rose's motion to remand, noting that Rose filed the amended complaint in state court *after* the case was removed to federal court, and therefore the amended complaint had no effect on the action in federal court. [DE 10 at 76–77]. That same day, Rose filed a notice of partial voluntary dismissal, attaching the amended complaint that he had previously filed in state court [DE 11], but did not explicitly seek the Court's leave to file an amended complaint. The next day, Rose filed a reply in support of his motion to remand, noting that he had now filed a notice of voluntary dismissal, thus dismissing all federal claims in his complaint and divesting this Court of jurisdiction.

## II. STANDARD

A defendant may remove a state court civil action to federal court if the district court would have had subject matter jurisdiction had the case been originally filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing removal was proper. *See, e.g.*, *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal raises significant federalism concerns, and, for this reason, "statutes conferring removal jurisdiction are to be construed strictly." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). Accordingly, all "doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation omitted). This is because "the remand standard . . . highlights the belief that state courts are equally able to administer justice." *Huff v. AGCO Corp.*, No. 5:18-cv-00469, 2019 WL 1177970, at *2 (E.D. Ky. Mar. 13, 2019).

## III. DISCUSSION

In support of his motion to remand, Rose asserts that (1) he has eliminated the federal claims in his original complaint, so this Court's jurisdiction disappeared pursuant to the Supreme Court's recent decision in *Royal Canin, USA, Inc. v Wullschleger*, 604 U.S. 22 (2025), and (2) the inclusion of a worker's compensation cause of action in the complaint precludes removal to federal court.[1] [DE 5 at 26].

---

[1] Because the Court finds that Rose has successfully eliminated his federal claims and that remand is proper under the amended complaint, it does not reach the merits of the argument that the workers' compensation claim makes this case nonremovable under 28 U.S.C. § 1445(c).

A.   Elimination of Federal Claims

In his motion to remand, Rose argues that the amended complaint, which eliminated all federal causes of action and which was filed in Jefferson Circuit Court after the case was removed, divests this Court of jurisdiction. [DE 5 at 25]. Caldwell, in response, notes that removal of the case to federal court automatically caused the state court to lose jurisdiction, so any subsequent filings in state court have no bearing on the action. [DE 10 at 77]. In turn, Rose filed a notice of partial voluntary dismissal in this Court purporting to dismiss all federal claims in the action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). [DE 11]. In conjunction with this notice, Rose attached the amended complaint. [DE 11-1]. In his reply in support of the motion to remand, Rose now appears to argue that the amended complaint filed in state court should suffice to divest this court of jurisdiction because Rose "brought the Amended Complaint to this Federal Court's attention the day after its filing as an exhibit to its Motion to Remand," and the amended complaint "would have sufficed had Plaintiff not filed [it] in state court." [DE 12 at 151]. Rose further asserts that regardless of whether the amended complaint is accepted, "Plaintiff . . . filed a Rule 41 Voluntary Dismissal of all Federal claims," ostensibly arguing that the notice of voluntary dismissal should have the same effect as the attempted amended complaint—that is, to eliminate all federal claims. [*Id.*].

Thus, Rose attempts two different methods to eliminate the complaint's federal causes of action and retreat to state court: (1) the amended complaint filed in Jefferson Circuit Court, and (2) a voluntary dismissal of the federal claims pursuant to Rule 41.

　　　　1.　　*Rose's Amended Complaint*

First, this Court may not consider the amended complaint that Rose filed in Jefferson Circuit Court because after removal, "the State court shall proceed no further unless and until the

4

case is remanded." Fed. R. Civ. P. § 1446(d). Immediately upon removal, "[t]he state court 'los[es] all jurisdiction over the case, and . . . subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void." *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 64 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)).

Here, Caldwell filed a notice of removal on October 6, 2025, so any proceedings in the Jefferson Circuit Court from that point forward are void. Consequently, the amended complaint filed in Jefferson Circuit Court on October 7 is void. Rose's argument that the Court should nonetheless accept the amended complaint because it was "brought to [this Court's] attention the day after its filing as an exhibit to its Motion to Remand" [DE 12 at 151] has no basis in law. Rose attached the *state court* amended complaint as evidence that he had amended the complaint in the Jefferson Circuit Court [DE 5-1], but he did not file an amended complaint in this Court pursuant to Rule 15(a)(1)(B), which provides for amendment of a complaint as a matter of course within twenty-one days after the opposing party files a responsive motion. Fed. R. Civ. P. 15(a)(1)(B). Accordingly, this Court may not accept the amended complaint that was erroneously filed in state court, and Rose has failed to file the amended complaint as a matter of course in this Court. Rose's argument that the state court amended complaint deprives the Court of jurisdiction therefore fails.

    *2.    Notice of Partial Voluntary Dismissal*

Recognizing that the time to file an amended complaint as a matter of course has passed, Rose instead seeks to voluntarily dismiss his federal court causes of action. [DE 11]. In support of his voluntary dismissal, Rose cites to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Ordinarily, a plaintiff may dismiss an action under Rule 41 without a court order;

the notice of dismissal is "self-executing" and by itself ends the lawsuit without court approval. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (quoting *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 540 (6th Cir. 2013)). Yet courts "may decline to permit a voluntary dismissal when required to avoid short-circuiting the judicial process," including when a plaintiff attempts to dismiss less than the entire action. *Id.* (quoting *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997)).

The Sixth Circuit has held that Rule 41 allows plaintiffs to dismiss only the entire action, not "individual claims within the action." *Griesmar v. City of Stow, Ohio*, No. 22-3151, 2022 WL 17581658, at *4 (6th Cir. Dec. 12, 2022); *see also Gibney v. State Farm Fire & Cas. Co.*, 549 F. App'x 488, 490 (6th Cir. 2013) ("[Rule 41(a)(1)'s] reference to 'the action' reasonably connotes something broader than an individual party's claims."); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"). Thus, district courts in this circuit routinely reject plaintiffs' attempts to eliminate only a portion of their claims under Rule 41. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (collecting cases).

Rose argues that dismissal of all the federal claims constitutes dismissal of the entire action because, by removing the federal claims, "Plaintiff has relinquished the entire action" with respect to federal court. [DE 15 at 174–75]. Rose is mistaken that the "entire action" is dismissed by way of a notice of voluntary dismissal that purports to dismiss just the federal claims. Once again, Rule 41(a)(1)(A)(i) can only be used to dismiss the "entire controversy," and Rose specifically designates his Rule 41 as a "notice of *partial* voluntary dismissal." [DE 11]; *Letherer v. Alger*

*Grp., L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Cap. Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008). The motion therefore does not operate to dismiss the entire action.

Even so, the Court has discretion under Rule 15(a) to grant a plaintiff leave to withdraw certain claims by way of an amended complaint. *See SAAP Energy v. Greenwich Ins. Co.*, No. 1:12-CV-00098-TBR, 2014 WL 12726322, at *4 (W.D. Ky. May 21, 2014); § 2362 Voluntary Dismissal—In General, 9 Fed. Prac. & Proc. Civ. § 2362 (4th ed.) ("[A] plaintiff who wishes to eliminate some claims but not others should do so by moving to amend pursuant to Rule 15."). Accordingly, when a plaintiff attempts to dismiss less than the entire action under a Rule 41(a)(1)(A)(i) notice of voluntary dismissal, courts have treated the notice as a motion to amend the complaint under Rule 15(a)(2). *See Mgmt. Invs. v. United Mine Workers of Am.*, 610 F.2d 384, 394 (6th Cir. 1979) (explaining that use of a notice of notice of voluntary dismissal to eliminate some, but not all claims, from a case "is more properly viewed as a Rule 15 amendment to the complaint"); *SAAP Energy*, 2014 WL 12726322, at *4 (converting an improper notice of voluntary dismissal into a Rule 15(a)(2) motion and granting plaintiffs leave to amend the complaint to withdraw a cause of action); *Doss v. Michigan Dep't of Corr.*, No. 20-10266, 2021 WL 978813, at *2 (E.D. Mich. Mar. 16, 2021) ("This Court, and other courts in this Circuit, have cited *Management Investors* for the proposition that where a plaintiff seeks to dismiss one count of his multi-count complaint, the Court should consider it as a motion to amend the complaint to delete the specified claims."); *Baker v. City of Detroit*, 217 F. App'x 491, 496–97 (6th Cir. 2007) ("Rule 41 does not speak to dismissal of *claims*, and an amendment pursuant to Rule 15 is the appropriate way to dispose of fewer than all claims against a defendant. However, it is not unusual for motions styled as Rule 41 motions or motions to dismiss to be construed as Rule 15 motions for leave to

amend.") (internal citation omitted); *Childress v. City of E. St. Louis, Ill.*, No. 10-CV-254-WDS, 2010 WL 5289261, at *3 (S.D. Ill. Dec. 20, 2010) (construing plaintiff's motion to dismiss her federal claims as a motion for leave to amend the complaint, granting the motion, and remanding to state court); *Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-CV-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011) (treating plaintiff's rule 41(a)(2) notice of dismissal as motion to amend under Rule 15 because "filings are to be construed by their substantive content and not by their labels"). This Court will likewise treat the notice of voluntary dismissal as a motion for leave to amend the complaint under Fed. R. Civ. P. 15(a)(2).

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "should normally be granted unless there is some 'apparent or declared reason' to not allow the amendment." *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). That is, the Court should grant leave to amend unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. In order to determine whether justice requires leave to amend, "the court must be provided with a proposed amended complaint or at least the substance of the proposed amendment." *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002).

Rose has attached as an exhibit to his notice of voluntary dismissal the amended complaint that he attempted to file in state court. [DE 11-1]. Thus, the Court is provided with the substance of the proposed amendment and may properly consider whether leave to amend should be granted. First, there was no undue delay because Rose initially attempted to amend his complaint—albeit

8

unsuccessfully—only three days after the case was removed to federal court, and then filed the purported notice of voluntary dismissal less than a month later, before any discovery has been conducted or an answer has been filed. *See Mersen USA - Midland-MI Inc. v. Graphite Machining Servs. & Innovations*, LLC, No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012) ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed."). There is also no apparent bad faith or dilatory motive on Rose's part. Even if Rose is attempting to amend the complaint to defeat the federal court's removal jurisdiction, the Supreme Court was presented with, and sanctioned, these types of amendments in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 44 (2025) (holding that plaintiff's deletion of federal claims in a post-removal amended complaint deprived the district court of jurisdiction even though plaintiff only amended the complaint because federal court "is not where [she] wanted the case to be resolved").

Given that this is Rose's first amended complaint, there is also no repeated failure to cure deficiencies. Nor will any undue prejudice to Caldwell occur by allowing the amended complaint. Typically, an amended complaint is deemed prejudicial if injustice will result to the opposing party should the motion be granted. *See* 6 Charles Alan Wright and Arthur Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2019). For example, a court may deny leave to amend if

> the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation . . . [or] if the court determines that the proposed amendment would result in . . . added expense and the burden of a more complicated and lengthy trial."

*Id.* That is not the case here, where the case is in its very early stages and Rose simply seeks to eliminate the federal counterparts of the state civil rights laws asserted in the complaint. Thus, Caldwell will not be prejudiced by amendment. *See McLean v. Alere Inc.*, No. 3:12-CV-566-DJH,

9

2015 WL 1638341, at *3 (W.D. Ky. Apr. 13, 2015) (finding no prejudice where plaintiff had yet to be deposed, no dispositive motions had yet been ruled on, and much discovery had been produced). Finally, Rose's amendment would not be futile because the proposed amendment does not "fail to state a claim upon which relief may be granted within the meaning of Rule 12(b)(6)." *In re Upstart Holdings, Inc. Sec. Litig.*, No. 2:22-CV-02935, 2025 WL 2772475, at *6 (S.D. Ohio Sept. 29, 2025). That is, Rose does not add any new claims to the amended complaint that "could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017).

Accordingly, the Court construes Rose's Rule 41(a)(1)(A)(i) notice of partial voluntary dismissal as a motion for leave to amend the complaint and grants Rose leave to amend the complaint. The Court also therefore denies Caldwell's motion to disregard the notice of voluntary dismissal. [DE 14].

Under *Royal Canin*, post-removal amendment of a complaint to eliminate federal questions dissolves federal question jurisdiction and deprives the district court of supplemental jurisdiction over remaining state law claims. 604 U.S. at 44. Because the "operative pleading no longer supports federal jurisdiction . . . the federal court must remand the case to the state court where it started." *Id.* at 39. Because Rose's proposed amended complaint [DE 11-1] eliminates all federal claims, federal question jurisdiction no longer exists, and the Court no longer has supplemental jurisdiction over the remaining state law claims. As a result, remand to the Jefferson Circuit Court is proper and the Court will grant Rose's motion to remand the case.

## IV.     CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

(1) The Court construes Rose's notice of partial voluntary dismissal [DE 11] as a motion for leave to amend the complaint and **GRANTS** the motion.

(2) The Court **DENIES** Caldwell's motion to disregard Rose's notice of partial voluntary dismissal. [DE 14].

(3) With only state law claims remaining, the Court **GRANTS** Rose's motion to remand [DE 5].

(4) Caldwell's motion to dismiss [DE 6] is **DENIED AS MOOT**.

(5) The case is **REMANDED** to Jefferson Circuit Court.

Rebecca Grady Jennings, District Judge
United States District Court

December 12, 2025

11